UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cause No. 1:22-cr-00017-HAB-SLC |
| | ) |
| OH MIN | ) |

### OPINION AND ORDER

This matter is before the Court on a motion requesting a Court order to allow Defendant Oh Min, who is incarcerated at the Noble County Jail, to marry Nan Kyi Kyi Oo. (ECF 39). The Government filed a response objecting to the motion. (ECF 40). Defendant has not filed a reply brief to the Government's objection. For the reasons stated below, the motion will be GRANTED.

*Background*

Defendant is presently incarcerated at the Noble County Jail as a pretrial detainee. (ECF 7, 27). Defendant represents that he is engaged to be married to Ms. Oo and is requesting an order from the Court allowing a marriage ceremony at the Noble County Jail. (ECF 39).

The Government objects to the motion, arguing that allowing Defendant to marry before his trial would create the possible application of a testimonial privilege on the basis of marriage. (ECF 40 at 2 (citing *United States v. Lofton*, 957 F.2d 476, 477 (7th Cir. 1992))). The Government explains that evidence related to Defendant's alleged offenses—including controlled substances, a firearm, and two cellular phones—were seized during a search of Defendant's and Ms. Oo's shared residence. (ECF 40 at 2). Similarly, the Government reports that Ms. Oo provided statements to law enforcement related to the items seized from that residence and that it intends to call Ms. Oo as a witness during its case in chief. (*Id.*). The

Government does not object to the marriage ceremony happening at some point, just not before Defendant's trial.  (*Id.* at 1).

### *Analysis*

"Marriage is of course an important fundamental right."  *United States v. Rodriguez*, No. 1:06-CR-60-TS, 2007 WL 9701408, at *2 (N.D. Ind. Dec. 20, 2007) (citing *Loving v. Virginia*, 388 U.S. 1, 12 (1967)).  Convicted inmates and pretrial detainees both enjoy that right.  *See Turner v. Safley*, 482 U.S. 78, 96 (1987).  The Supreme Court has provided the following standard in determining the constitutionality of regulations that prohibit inmates from marrying: "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  *Id*. at 89; *see also Rodriguez*, 2007 WL 9701408, at *2 (citation omitted).

In past cases, this Court has addressed the same issues raised by the parties here.  *See Rodriguez*, 2007 WL 9701408; *United States* v. *Norris*, No. 1:07-CR-77, 2007 WL 4335459 (N.D. Ind. Dec. 7, 2007).  The Court noted in those cases that "[t]he marriage ceremony may very well make the Government's case more difficult to prove."  *Rodriguez*, 2007 WL 9701408, at *3; *see also Norris*, 2007 WL 4335459, at *3.  But the Court further considered that "the same would be true if the Defendant were charged with a crime but not detained while awaiting trial.  Just as the Government could not interfere with the marriage in those circumstances, the Government cannot interfere with the marriage in the actual circumstances of this case."  *Rodriguez*, 2007 WL 9701408, at *3; *see also Norris*, 2007 WL 4335459, at *3.  "Put simply, the only reason the Government finds itself in a position to object to Defendant's marriage is Defendant's confinement, and the reasons for denying his permission to marry must therefore be related to the purposes of his confinement."  *United States v. Bailey*, No. 1:09-CR -176, 2010

WL 711819, at *1 (E.D. Tenn. Feb. 23, 2010) (citation omitted).

Nor is it enough that the Government asserts that it is merely requesting the Court delay the timing of the marriage ceremony, as opposed to preventing it altogether. "Forcing the Defendant to delay the marriage burdens the right to marry." *Rodriguez*, 2007 WL 9701408, at *3; *see also Norris*, 2007 WL 4335459, at *3. The Government may only burden this right if doing so relates to a legitimate penological interest, specifically, the safety, security, and efficient management of the jail. *Turner*, 482 U.S. at 89; *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005) (citation omitted); *Rodriguez*, 2007 WL 9701408, at *2-3; *Norris*, 2007 WL 4335459, at *2-3. The Government has not established that preventing or delaying Defendant's marriage would accomplish these goals.

Defendant has carried his burden of demonstrating that denying his motion would likely violate his constitutional right to marriage. The burden shifts to the Government to provide some reason related to a penological interest for why the Court should deny the motion.[1] *Rodriguez*, 2007 WL 9701408, at *3; *Norris*, 2007 WL 4335459, at *3. "The Government's concern that the Defendant's request will result in a key witness invoking the adverse spousal testimonial privilege is not enough. Accordingly, the Court must grant the motion." *Rodriguez*, 2007 WL 9701408, at *3; *see also Norris*, 2007 WL 4335459, at *3.

### C. ORDER AND CONCLUSION

For the reasons discussed above, the Court GRANTS Defendant's motion. (ECF 39). The Court REQUESTS that the United States Marshals Service, the Clerk of the Noble County Circuit Court, and the Noble County Jail cooperate in effectuating this request in accordance

---

[1] Nor does the Government suggest that the Court should alter the test it has applied to these motions, requiring the Government to show only "a legitimate and non-punitive governmental goal," rather than a penological interest. *See United States v. Bowen*, No. 14-00346-01-CR-W-DGK, 2015 WL 1893416, at *10 (W.D. Mo. Apr. 24, 2015); *see also United States v. Heard*, No. 17-cr-0083-LRR, 2018 WL 9439686, at *2 (N.D. Iowa Feb. 20, 2018).

with their rules, procedures, and practices.

    SO ORDERED.

    Entered this 7th day of September 2022.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge
